

# The Attorney General of Texas

June 13, 1984

**JIM MATTOX**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

)1 Texas, Suite 700
..ouston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Joe Warner Bell
Trinity County Attorney
P. O. Box 878
Groveton, Texas    75845

Opinion No. JM-165

Re: Whether a defendant whose adjudication was deferred under section 3d of article 42.13 of the Code of Criminal Procedure may be compelled to pay a fine after his period of probation has expired

Dear Mr. Bell:

You have asked:

> If a defendant whose adjudication was deferred upon a plea of guilty pursuant to article 42.13, section 3d of the Code of Criminal Procedure, fails to pay his fine, once his period of supervision has expired, may a capias pro fine or writ of execution be issued to enforce payment?

Assuming that no proceedings to revoke probation or determine guilt have been initiated, we conclude that a defendant whose adjudication was deferred under article 42.13, section 3d, V.T.C.S., is not subject to an execution for collection of a fine imposed as a condition of his probation once his probationary period has expired.

Section 3d of article 42.13 of the Code of Criminal Procedure provides in pertinent part as follows:

> (a) [W]hen in its opinion the best interest of society and the defendant will be served, the court may, after receiving a plea of guilty or a plea of nolo contendere, hearing the evidence, and finding that it substantiates the defendant's guilt, defer further proceedings without entering an adjudication of guilt and place the defendant on probation for a period as the court may prescribe, not to exceed the maximum period of imprisonment prescribed for the offense for which the defendant is charged. The court may impose a fine applicable to the offense and require any reasonable terms and conditions of probation,

>     including any of the conditions enumerated in
>     Sections 6, 6a, and 6c of this Article . . . .
>
>
>     . . . .
>
>     (c) On expiration of a probationary period
>     imposed under Subsection (a) of this section, if
>     the court has not proceeded to adjudication of
>     guilt, the court shall dismiss the proceedings
>     against the defendant and discharge the
>     defendant . . . .

Article 43.03 provides that

>     (a) If a defendant is sentenced to pay a fine
>     or costs or both and he defaults in payment, the
>     court may order him imprisoned in jail until
>     discharged as provided by law . . . .

Article 42.02 defines a sentence as "that part of the judgment . . . that orders that the punishment be carried into execution in the manner prescribed by law." Article 42.01 defines a judgment as the court's written declaration of conviction or acquittal. Section 2 of article 42.13 defines probation to include the suspension of the imposition of sentence. Likewise, section 3d(a) quoted above describes probation as being based on the postponement of an adjudication of guilt. The imposition of a fine under section 3d(a), therefore, is as a condition of probation, not as a part of a sentence. See also §6(8) (providing that payment of a fine may be made on condition of probation). Section 3d(c) unequivocally states that a defendant must be discharged and the proceedings dismissed if the court has not "proceeded to adjudication of guilt" before the "expiration of a probationary period imposed under Subsection (a) of this section . . . ." Black's Law Dictionary 39 (5th ed. 1979) defines adjudication as "[t]he formal giving or pronouncing a judgment or decree in a cause; also the judgment given." Compare Burton, Legal Thesaurus 11 (1980).

Hence, by the explicit terms of section 3d, a defendant whose probationary period under article 42.13 has expired without institution of proceedings to revoke probation or determine guilt may not be subjected to an execution for collection of a fine imposed as a condition of probation.

## S U M M A R Y

>     A defendant whose adjudication was postponed
>     pursuant to section 3d of article 42.13 of the
>     Code of Criminal Procedure after a plea of guilty
>     and who fails to pay a fine imposed as a condition
>     of probation may not be subject to a capias pro

fine or other writ of execution to enforce payment of such fine once his period of supervision has expired, if proceedings to revoke probation or determine guilt have not already been instituted.

Very truly yours,

JIM MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

Prepared by Colin Carl
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Jon Bible
Colin Carl
Susan Garrison
Jim Moellinger
Nancy Sutton